KINKADE, J.
This action was brought in the court of common pleas to restrain the defendant, the auditor of Wood county, by injunction from placing upon the tax duplicate of Wood county certain taxes against the lands of plaintiff and some 208 other parties represented by plaintiff, and similarly situated, as the result of an alleged illegal order made by the board of equalization.
The defendant moved the court to strike out all parts of the petition relative to parties other than the plaintiff. This motion was overruled by the common pleas judge and, thereupon, in order that a final judgment might be entered in the case, a demurrer was filed by the' defendant, which was overruled by the court of common pleas, and the defendant not desiring to plead further, judgment was entered accordingly and the ease appealed here.
The motion to strike from the petition is renewed here and is the sole question in issue, the defendant conceding that in so far at least as the plaintiff is concerned individually the petition does state a cause of action.
It is alleged that three classes of owners are affected by the alleged illegal order complained of, and the plaintiff by the allegations of his petition shows the order to be effective as to him in each of the three classes.
It is contended on behalf of the defendant that, even though it should be conceded the order complained of was illegal, that notwithstanding this the plaintiff and the parties whom he seeks to represent in this action could not join in one suit and avoid the effect of the order, and that hence one can not appeal for all under Sec. 11257 6. C.
It is said in behalf of this position that, inasmuch as the effect upon the different defendants is different arising out of this alleged illegal order, therefore their rights are so distinct and separate as that they may not join in a representative suit such as this.
We are of the opinion that the case cited by counsel for the defendant, Quinlan v. Myers, 29 Ohio St. 500, does not sustain the proposition.
We think the law of Ohio upon this subject is clearly stated *351 in paragraph nine of the syllabus in tbe ease of Upington v. Oviatt, 24 Ohio St. 232, which reads as follows:
“Two or more of the several owners of lots assessed for street improvement claiming the assessment to be for the same reason invalid as to each, may properly join in an action to restrain the collection of the assessment.
‘ ‘When the parties thus similarly interested in the question are numerous, one may sue on behalf of himself and all the others whom he is authorized to represent and who might otherwise rightfully join in the action.”
The motion to strike from the petition will be overruled, and to preserve the question presented by the demurrer, the demurrer will be overruled and the defendant will be granted leave to plead further, if he so desires.
Chittenden and Richards, JJ., concur.